Weight, J.,
delivered the opinion of the Court.
This is a writ of error prosecuted to this Court by the plaintiffs in error, in which they seek to reverse a judgment rendered against them in the Circuit Court of Henry county, on the 25th of May, 1858.
The ground upon which the reversal is asked, arises upon the following facts:
*584 The times of holding the Circuit Courts for 'Henry ■county "were changed, from the third to the fourth Mondays of January, May and September, hy an act of the Legislature, passed the 25th of January, 1858, which act took effect from and after its passage.
On the 1st day of March afterwards, at the samp session of the Legislature, the act of the 25th of January, 1858, fixing the times of holding the Circuit Courts for said county, was repealed, and the time changed from the fourth to the third Mondays of January, May and September; and which act, also, took effect from its passage...
No alteration was made in the time prescribed hy the act of March the 1st, 1858, for holding the Circuit Courts of Henry county, either by the act passed March the 20th, 1858, or hy the Code. So that the proper time to hold said Court in May, was the third, instead of the fourth Monday.
The Circuit Judge not being able'to keep pace with these sudden changes in the legislation of the State; and not being aware of the existence of the act of the 1st of March, 1858; but supposing as he well might, and as no doubt did the other officers and suitors of the Court, that the proper time to hold it, hy law, was the fourth Monday in’May, proceeded to open and hold said Court at that time, as required by the act of the 25th of January, 1858, and during that term rendered the judgment aforesaid.
The act of the 25th of January, 1858, was printed in the general and public laws of that session, while the act of the 1st of March, only appeared among the ■private acts.
*585 It is true, that in the act of the 20th of March, printed among the public laws, the sessions of the Circuit Courts of said county were permanently fixed upon the third Mondays of January, May and September; hut, in the same act, it was expressly provided, that no alteration made by that act in the time then prescribed by law for holding said Court, should take effect until after the first term of the Court after the expiration of forty days from the end of that session of the General Assembly.
It will thus be seen that this course of legislation was well calculated to -mislead, apd did mislead the officers and suitors of the Court as to the true time of holding it; and that scarcely any amount of vigilance could guard against it.
The plaintiffs in error, after the adjournment of the term, having discovered that the Court had been holden at the wrong time, have obtained a writ of error; and now allege that said judgment is erroneous and void.
We do not think so. The Circuit Judge in this case, acted under color. of legal authority, and no objection was made to the jurisdiction of the Court, or the power of the Judge to act, at the time the judgment was rendered.
It is not pretended the judgment is not just, or that they were in any way surprised upon the trial; but, on the contrary, the record shows that the parties appeared by their counsel, and no exception whatever was' taken, either to the authority of thé Court, or the course of proceeding in the case.
The public acts of officers, -de facto, are often valid, though the authority under which- they act is void *586 Public convenience, as well as public justice, requires that they should be supported.
Indeed, no principle is better settled in the English and American law, than that the ■ acts of officers, de facto, are valid, when they concern the public, or the rights of third persons, who have an interest in the act done, and the rule has been adopted to prevent a failure of justice. But a different rule prevails, where the act is for the benefit of the officer, because he shall not take advantage of his own want of title, which he must be cognizant of; but where it is for the benefit of strangers, or the public' who are presumed to be ignorant of such defect of title, it is good. Taylor v. Skaine, 2 South Ca. Rep., 696; People v. Collins, 7 Johns. Rep., 549; McInstry v. Tanner, 9 Johns. Rep., 135.
The same rule is laid down by this Court in Pearce v. Hawkins, 2 Swan, 87.
The consequences of holding a contrary doctrine avouM be alarming, and it is very easy to see the most serious results would follow.
In England, upon a writ of error, the question whether the judges in the Court below are properly judges. or not, can never be decided; it being sufficient if they were judges de facto, 2 Term. Rep., 87, 6 Bac. Ab. (Title offices and officers K.) 36.
We have been referred by the counsel of the plaintiffs in error, to Gregg v. Cooke, Peck’s Rep., 82, and Brown v. Newby, 6 Yer., 395. But it is manifest that in these cases, as also in Smith v. Normant, 5 Yer., 271, the doctrine as to the force and effect of judg *587 ments and decrees pronounced by judges de facto, was not considered. ,
There can be no doubt whatever, upon reason and authority, that a judgment given by a judge de facto, sitting and holding a Court at the proper time and place, is as valid and free of error as a judgment pronounced by a judge rightfully in office.
If so, upon what reason shall we hold that the judgments and decrees of a judge regularly in office are erroneous, because he held his Court under color of a law that turned out to be repealed or invalid?
In the case referred to from South Carolina (2 S. Ca. Rep., 696) the judge who pronounced the decree sought to be reversed, had been appointed by the Governor, pursuant to the act of 1790 of that State; and after the decree, the act was, by 'the Supreme Court of that State, declared unconstitutional and void; and yet the decree was held valid upon the principle laid down in 2 Swan, 87, and the other authorities to which I have referred.
The Circuit Judge has not been put to answer for any illegal exercise of power, and the plaintiffs in error cannot, in this collateral way, call in question his authority.
We, therefore, think the 'judgment of the Circuit Court must be held valid, and affirm it.